UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SADAT MACKIC, on behalf of himself and all
other persons similarly situated,    **COMPLAINT**

                        Plaintiff,

  -against-

LIDIA MANAGEMENT CORP., PISTILLI    *Class Action and*
MANAGEMENT LLC and ANTHONY PISTILLI,    *Collective Action Lawsuit*

                        Defendants.
---------------------------------------------------------------x

      Plaintiff, SADAT MACKIC ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, LIDIA MANAGEMENT CORP., PISTILLI MANAGEMENT LLC and ANTHONY PISTILLI (collectively as "Defendants"), allege as follows:

**NATURE OF THE CLAIM**

    1.    Plaintiff brings this action against the Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"), for failure to pay timely wages.

    2.    Plaintiff brings this action against the Defendants under the FLSA and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"), and for failure to pay the minimum wage rate under the FLSA and NYLL,

    3.    Plaintiff also brings this action against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other

persons similarly-situated during the applicable FLSA limitations period who did not receive timely payment of their wages.

4. Plaintiff brings claims against the Defendants as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who did not receive timely payment of their wages.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

7. At all times relevant, Plaintiff is and was a resident of the County of Queens and State of New York.

8. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190 (4).

9. At all times relevant, the Defendant, Lidia Management Corp., is and was a domestic business corporation with a principal place of business located in the County of Queens and State of New York.

10. At all relevant times, the Defendant, Lidia Management Corp., was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at

least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, cleaning supplies, painting equipment, paint, construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

11. At all times relevant, the Defendant, Lidia Management Corp., was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

12. At all times relevant, the Defendant, Anthony Pistilli, is and/or was an officer or owner of Lidia Management Corp., had authority to make payroll decisions for Lidia Management Corp., had authority to make hiring, firing and other personnel decisions for Lidia Management Corp., was active in the day to day management of Lidia Management Corp., including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and was responsible for maintaining personnel records for employees of Lidia Management Corp., and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

13. At all times relevant, the Defendant, Pistilli Management LLC, is and was a domestic limited liability company with a principal place of business located in the County of Queens and State of New York.

14. At all relevant times, the Defendant, Pistilli Management LLC, was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, cleaning supplies, painting equipment, paint, construction

3

materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

15. At all times relevant, the Defendant, Pistilli Management LLC, was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

16. At all times relevant, the Defendant, Anthony Pistilli, is and/or was an officer or owner of Pistilli Management LLC, had authority to make payroll decisions for Pistilli Management LLC, had authority to make hiring, firing and other personnel decisions for Pistilli Management LLC, was active in the day to day management of Pistilli Management LLC, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and was responsible for maintaining personnel records for employees of Pistilli Management LLC, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

17. Defendants Lidia Management Corp. and Pistilli Management LLC are a single company operating under two entity names as a common enterprise, with interrelated operations, common owners and officers, common management, a centralized control of labor relations, and common financial control within their businesses, including with respect to their payroll for employees.

18. Defendants Lidia Management Corp. and Pistilli Management LLC operate jointly as a common enterprise. Defendants jointly operate multiple apartment buildings and jointly employ Plaintiff. Defendants share interrelated operations, common management, a centralized control of labor relations, and common financial control within their businesses, including with respect to their payroll for employees. Defendants jointly supervised Plaintiff, including overseeing his day-to-day activities, duties, and scheduling, had authority to make payroll decisions regarding his employment, had authority to make hiring, firing and other personnel

decisions for Plaintiff, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and were responsible for maintaining personnel records for Plaintiff.

## FACTS

19. Defendants manage residential properties, including apartment buildings, in and around the City of New York.

20. Defendants employed Plaintiff as a non-exempt superintendent and laborer from on or about October 2018 through March 9, 2023.

21. Throughout his employment, Plaintiff was responsible for performing various manual tasks including, but not limited to, removing refuse, cleaning the buildings, maintaining boilers, cleaning filters, repairing tiles, fixing plumbing leaks, clearing plumbing clogs and stoppages, painting, plastering, recycling, sweeping, cleaning, routine repairs, emergency repairs, and other services as needed. Plaintiff's job duties required significant periods of standing, walking, lifting, carrying, bending and climbing.

22. Throughout his employment, Plaintiff regularly worked seven days per workweek. Throughout his employment, Plaintiff regularly worked on Monday through Sunday from approximately 4:00 p.m. until at least 7:00 p.m., and often later. Plaintiff regularly worked approximately 25 to 30 hours per week.

23. Defendants failed to pay Plaintiff based on an hourly rate of pay based on the actual number of hours that Plaintiff worked each week. Defendants instead paid Plaintiff a fixed amount of $600.00 per month, regardless of the actual number of hours that Plaintiff worked each week, a rate which fell below the federal and state statutory minimum wage.

24. Throughout his employment, Defendants did not track or record the hours worked or number of hours worked by Plaintiff. Defendants willfully disregarded and purposefully evaded

record keeping requirements of the FLSA and NYLL by failing to track or maintain records of hours worked by Plaintiff and failing to pay him in accordance with his hours worked in order to intentionally deprive Plaintiff of compensation.

25. Throughout his employment, Plaintiff regularly performed manual tasks during the majority of his hours worked and spent more than twenty-five percent of his hours worked each week performing such manual tasks.

26. Throughout his employment, Defendants paid Plaintiff by check once per month. During certain pay periods, Defendants paid Plaintiff his wages even less frequently as Defendants paid Plaintiff his wages two or more months after his wages were earned on multiple occasions.

27. Thus, throughout his employment, Defendants failed to timely pay Plaintiff his wages earned in violation of the FLSA and NYLL.

28. Throughout their employment, Plaintiff, FLSA Collective Action Members, and Class Members suffered an underpayment of wages each pay period because Defendants failed to pay their wages within a reasonable time period.

29. Plaintiff, FLSA Collective Action Members, and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

30. By withholding the wages due and owing to the Plaintiff, FLSA Collective Action Members and Class Members, Defendant deprived the Plaintiff, FLSA Collective Action Members and Class Members of use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education, daycare or childcare, public transportation, and other basic living expenses.

31. Defendants' failure to timely pay wages earned caused Plaintiff, FLSA Collective Action Members and Class Members to suffer the same or similar harms.

32. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

33. Defendants failed to provide Plaintiff with accurate wage statements indicating, *inter alia*, his regular and overtime rates of pay, number of regular and overtime hours worked, or his correct gross pay, net pay, or deductions, during each pay period as required by NYLL § 195(3).

34. Defendants treated and paid the Plaintiff, FLSA Collective Action Members and Class Members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

35. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to the Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to timely pay them and unreasonably delaying payment of their wages in violation of the FLSA.

36. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been harmed by the unreasonably delayed payment of their wages in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

37. Plaintiff seeks to proceed as a collective action with regard to the First through Third Claims for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

38. The First Through Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Action Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have not timely received payment of their wages, will be unable to secure compensation to which they are entitled.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings his Fourth through Tenth claims on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by of the Defendants as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

40. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of The Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

41. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a superintendent, porter, cleaner, painter and/or manual laborer or in a similarly-situated position at any time during the six (6) years prior to the filing of this Complaint.

42. The Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed to timely pay Plaintiff and Class Members their wages in violation of the FLSA;

(b) Whether Defendants failed to timely pay Plaintiff and Class Members their wages in violation of the NYLL;

(c) Whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(d) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(e) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and Class Members;

(f) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(g) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(h) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(i) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

44. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of the Defendants and suffered the same or similar harms as a result of those practices. The Defendants' corporate-wide policies and practices affected all Class Members similarly, and the Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

45. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

46. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

48. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

49. The members of the Class have been damaged and are entitled to recovery as a result of the Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about the Defendants' practices.

50. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – MINIMUM WAGES

51. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants employed Plaintiff and willfully failed to pay Plaintiff the applicable minimum wage rate for all hours worked in violation of the FLSA.

53. Defendants' violations of the FLSA have been willful and intentional.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**SECOND CLAIM FOR RELIEF**
**FLSA Failure to Pay Timely Wages**
**on behalf of Plaintiffs and the FLSA Collective**

56. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff and members of the FLSA Collective are current and former employees entitled to on-time payment of their statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

58. Defendants, however, withheld Plaintiff's and the FLSA Collective's federally mandated wages for about 14 days after the conclusion of the workweek.

59. This delay was pursuant to a companywide policy and practice to pay Defendants' employees on a semi-monthly basis.

60. Such a delay is inherently unreasonable, as Defendants were required by New York law to pay Plaintiff and the FLSA Collective within seven days after the end of the workweek.

61. Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiffs and the FLSA Collective.

62. Defendants' violations of the FLSA have been willful and intentional.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. As a result of Defendants' unlawful acts, Plaintiff, any FLSA Collective Action Plaintiff who opts into this action are entitled to recover liquidated damages in the amount of their delayed wages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW – MINIMUM WAGES

65. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants employed Plaintiff and willfully failed to pay Plaintiff the applicable minimum wage rate for all hours worked in violation of the NYLL.

67. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW § 191

68. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Plaintiff and Class Members were manual workers as defined by the NYLL.

70. Defendants were required to pay the Plaintiff and Class Members their wages on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned.

71. Defendants willfully failed to pay Plaintiff and Class Members their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

72. Plaintiff and Class Members are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW § 195(1)

73. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants failed to provide Plaintiff and Class Members with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

75. Due to Defendants' failure to provide Plaintiff and Class Members with the notice required by NYLL § 195(1), Plaintiff and Class Members are entitled to statutory damages, attorneys' fees and costs of this action.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW § 195(3)

76. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants failed to provide Plaintiff and Class Members with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct gross wages, net pay, or deductions, for each pay period as required by NYLL § 195(3).

78. Due to Defendants' failure to provide Plaintiff and Class Members with accurate wage statements as required by NYLL § 195(3), Plaintiff and Class Members are entitled to statutory damages, attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all other persons similarly situated, prays for the following relief:

i. An order restraining Defendants from any retaliation against Plaintiff, Class Members, and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations;

iii. Designation of this action as an FLSA collective action on behalf of the Plaintiff, FLSA Collective Action Plaintiffs and any others in a similarly-situated position, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, and any others in a similarly-situated position, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi. Liquidated damages for untimely payment of wages under the FLSA;

vii. Unpaid minimum wages and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

viii. Statutory damages and liquidated damages pursuant to NYLL § 198;

ix. Pre- and post-judgment interest as permitted by law;

x. All attorneys' fees incurred in prosecuting these claims;

xi. All costs incurred in prosecuting these claims; and

xii. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 9, 2023

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*

PETER A. ROMERO, ESQ.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Lidia Management Corp. and Pistilli Realty, to recover damages for late paid wages federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____  
sadat mackie (Feb 13, 2023 18:18 EST)  
Sadat Mackic

02/13/2023  
Date